

**FILED**

JUL 13 2014

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

In the Matter of the Search of

(1) Gray LG Phone Serial number: 406CYKJ126733 and IMEI 014160001267331, CURRENTLY LOCATED AT THE OFFICE OF THE SACRAMENTO DEA IN NON-DRUG EVIDENCE STORAGE
4328 Watt Ave. Sacramento CA 36

Case No.

2:15 - SW - 0 3 9 8 ... CKD

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

located in the _____Eastern_____ District of _____California_____ , there is now concealed *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☒ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), and 846, 843 | conspiracy to distribute oxycodone and use of a telecommunications device in furtherance of a drug crime |

The application is based on these facts:

**SEE AFFIDAVIT, attached hereto and incorporated by reference.**

- ☒ Continued on the attached sheet.
- ☐ Delayed notice _____ days (give exact ending date if more than 30 days: _____ ) is requested
- ☐ under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

**Babak Ghazanfari, Special Agent, DEA**
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 7/13/2015

_____
*Judge's signature*

City and state:  Sacramento, California

Carolyn K. Delaney, U.S. Magistrate Judge
*Printed name and title*

1  BENJAMIN B. WAGNER
   United States Attorney
2  PAUL A. HEMESATH
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile: (916) 554-2900
5
6  Attorneys for Plaintiff
   United States of America
7
8             IN THE UNITED STATES DISTRICT COURT
9             EASTERN DISTRICT OF CALIFORNIA
10
11 | In the Matter of the Search of:        | CASE NO.
12 | (1) Gray LG Phone Serial number:       | AFFIDAVIT IN SUPPORT OF AN APPLICATION
   | 406CYKJ126733 and IMEI 014160001267331,| UNDER RULE 41 FOR A WARRANT TO
13 | CURRENTLY LOCATED AT THE OFFICE        | SEARCH A DEVICE
   | OF THE SACRAMENTO DEA IN NON-          |                    ₿ S.
14 | DRUG EVIDENCE STORAGE 14328 Watt Ave. Sacramento CA
15
16      1.      I, Babak Ghazanfari, being first duly sworn, hereby depose and state as follows:

17              I.      **INTRODUCTION AND AGENT BACKGROUND**

18      2.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of

19 Criminal Procedure for a search warrant authorizing the examination of property—electronic devices—

20 which are currently in law enforcement possession, and the extraction from that property of

21 electronically stored information described in Attachment B.

22      3.      I am a Special Agent with the DEA. I am an investigative or law enforcement officer of

23 the United States, within the meaning of Section 2510(7) of Title 18, United States Code, and am

24 empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section

25 2516 of Title 18, United States Code. I have been employed by DEA since February 2008. In August

26 2008, I was assigned to the Fresno Resident of the DEA.  In June 2009, I was assigned to the DEA

27 Modesto Post of Duty and further assigned to the Central Valley California High Intensity Drug

28 Trafficking Area (HIDTA).

AFFIDAVIT                          1

4.    In October 2011, I was assigned to the DEA Sacramento District Office (SDO) Tactical Diversion Squad (TDS). I am currently a member of the SDO-TDS, which has a mission to identify, recognize, investigate and report the diversion of controlled substances and list chemical from legitimate sources, as well as illegitimate sources, while at the same time ensuring an adequate and uninterrupted supply of controlled substances and list chemicals for legitimate medical, scientific and other approved needs. I have completed approximately 19 weeks of DEA Basic Agent training at the Justice Training Center in Quantico, Virginia. This training included instruction in the investigation of federal drug violations, including Title 21 of the United States Code. I attended the 2009, 2010, and 2011 California Narcotic Officers Association training seminars whereby I received over 70 hours of narcotic training on current drug trafficking trends. I have been certified by the State of California in the practical, technical, and legal aspects of State authorized wire intercepts. I have participated in numerous investigations involving state and federal controlled substance violations, including the manufacture, distribution, and possession with the intent to distribute controlled substances, the use of communication facilities in committing a felony, and the conspiracy to commit the foregoing violations (21 U.S.C. § 841(a)(1) , 843 (b), and 846; 18 U.S.C. § 1956(h)). I have been the lead investigator or co case agent on several State Court and/or Federal Court authorized electronic intercepts. I am familiar with terms and codes used by people who are involved in the transportation, manufacturing, and sales of drugs and narcotics.

5.    Prior to being employed by DEA, I was employed for approximately ten years by the Sacramento County Probation Department serving five years as a Deputy Probation Officer in the State of California. During that time, I was assigned to Juvenile Hall, Juvenile Field Services, and the Gang Suppression Unit. After conducting parole and probation searches, I located and seized drugs and other items of evidence, which tend to show possession of drugs for sales. I arrested subjects for simple possession as well as possession for sales of controlled substances. I also spoke with admitted drug users about drugs, the way they use drugs, and the way drugs are sold and packaged. I obtained information regarding persons dealing controlled substances and using controlled substances. During the course of my employment with DEA, I have had the opportunity to converse with admitted and known drug traffickers as to their methods, and those of their associates, regarding the manufacture, importation, transportation, distribution and sales of controlled substances, as well as their methods used

1   to conceal, transport, and launder cash and/or other types of drug proceeds. I have written search

2   warrants for simple possession, possession for sales of controlled substances, and I have assisted in

3   serving state and federal search warrants for possession and possession for sales of controlled

4   substances. I have received training in various means by which persons involved in these types of

5   criminal activities use telephones, computers, buildings, storage units, residences, businesses, and other

6   structures to conceal their activities from law enforcement. I have become familiar with the types and

7   amounts of profits made by drug dealers, the methods, language, and terms that are used. I have received

8   both informal and formal training in the area of drug and narcotics investigations. I have participated in

9   narcotic purchases while operating in an undercover capacity.

10         6.     This affidavit is intended to show only that there is sufficient probable cause for the

11   requested warrant and does not set forth all of my knowledge about this matter.

12              **II.    IDENTIFICATION OF THE DEVICES TO BE EXAMINED**

13         4.     The property to be searched is: (1) Gray LG Phone Serial number: 406CYKJ126733 and

14   IMEI 014160001267331, hereinafter the "Device." The Device is subscribed to "Leefields Leon, 9810

15   Cobble st, Stockton, CA, 95207" and is currently located at THE OFFICE OF THE SACRAMENTO

      4328 Watt Ave. Sacramento CA ← B.6.

16   DEA IN NON-DRUG EVIDENCE STORAGE.

17         5.     The applied-for warrant would authorize the forensic examination of the Device for the

18   purpose of identifying electronically stored data particularly described in Attachment B.

19                 **III.    PROBABLE CAUSE**

20         7.     The United States government, including the DEA, is investigating the distribution of

21   oxycodone, heroin, and marijuana. The investigation concerns violations by Michael MATHEWS, Leon

22   Currie FIELDS, Earshell HAYES, and Tandra MATHEWS, inter alia, 21 U.S.C. §§ 841(a)(1), 846,

23   (conspiracy to distribute oxycodone), 21 U.S.C. § 843 (b) (use of a telecommunications device in

24   furtherance of a drug crime), and 18 U.S.C. § 1956(h) (conspiracy to commit money laundering) .

25         8.     The DEA Sacramento District Office's Tactical Diversion Squad has been investigating

26   the MATHEWS DTO since June 2014. The MATHEWS DTO was identified by DEA as an oxycodone

27   source for the Tacoma, Washington area. The MATHEWS DTO also distributes marijuana with the

28   source of supply located in California. The MATHEWS DTO uses bank accounts to deposit, transfer,

and conceal the drug proceeds to avoid detection by law enforcement and financial institutions. Michael Deshone MATHEWS is currently on Formal/Searchable probation out of Sacramento County and has a grant of probation which expires in December of 2017.

9.    On May 8, 2015, United States Magistrate Judge Allison Claire authorized a GPS Ping order on the device.

10.    On May 29, 2015, United States Magistrate Judge Dale A. Drozd authorized an arrest warrant for Leon Currie FIELDS Jr for violations of 21 U.S.C. §§ 841(a)(1), and 846, 21 U.S.C. § 843 (b).

11.    On May 29, 2015, at approximately 7:05 pm, DEA agents arrested FIELDS at the Tacoma, Washington, train station and located the Device on his person.  DEA agents also seized 3,947 schedule II oxycodone pills in a bag belonging to FIELDS, which was believed to be intended for HAYES for eventual distribution in the Tacoma area.

12.    The Device is currently in the lawful possession of the DEA.  They came into the DEA's possession as the result of the execution of lawful arrests, as described above.

## IV.    TECHNICAL TERMS

13.    Based on my training and experience, I use the following technical terms to convey the following meanings:

a)    Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone.  In addition to enabling voice communications, wireless telephones offer a broad range of capabilities.  These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and

downloading information from the Internet.  Wireless telephones may also include global
positioning system ("GPS") technology for determining the location of the device.

b)   Digital camera: A digital camera is a camera that records pictures as digital picture files,
rather than by using photographic film.  Digital cameras use a variety of fixed and
removable storage media to store their recorded images.  Images can usually be retrieved
by connecting the camera to a computer or by connecting the removable storage medium
to a separate reader.  Removable storage media include various types of flash memory
cards or miniature hard drives.  Most digital cameras also include a screen for viewing
the stored images.  This storage media can contain any digital data, including data
unrelated to photographs or videos.

14.   Based on my training, experience, and research, I know that the Devices have capabilities
that allow it to serve as a repository for evidence concerning identity, transactions, drug quantities, and
other facts related to the charged crimes.  In my training and experience, examining data stored on
devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or
used the device.

## V.   ELECTRONIC STORAGE AND FORENSIC ANALYSIS

15.   Based on my knowledge, training, and experience, I know that electronic devices can
store information for long periods of time.   This information can sometimes be recovered with forensics
tools.

16.   Forensic evidence.  As further described in Attachment B, this application seeks
permission to locate not only electronically stored information that might serve as direct evidence of the
crimes described on the warrant, but also forensic evidence that establishes how the Devices were used,
the purpose of its use, who used it, and when.  There is probable cause to believe that this forensic
electronic evidence might be on the Devices because:

a)   Data on the storage medium can provide evidence of a file that was once on the storage
medium but has since been deleted or edited, or of a deleted portion of a file (such as a
paragraph that has been deleted from a word processing file).

b)   Forensic evidence on a device can also indicate who has used or controlled the device.

1   This "user attribution" evidence is analogous to the search for "indicia of occupancy"
2   while executing a search warrant at a residence.

3   c)   A person with appropriate familiarity with how an electronic device works may, after
4   examining this forensic evidence in its proper context, be able to draw conclusions about
5   how electronic devices were used, the purpose of their use, who used them, and when.

6   d)   The process of identifying the exact electronically stored information on a storage
7   medium that are necessary to draw an accurate conclusion is a dynamic process.
8   Electronic evidence is not always data that can be merely reviewed by a review team and
9   passed along to investigators.  Whether data stored on a computer is evidence may
10   depend on other information stored on the computer and the application of knowledge
11   about how a computer behaves.  Therefore, contextual information necessary to
12   understand other evidence also falls within the scope of the warrant.

13   e)   Further, in finding evidence of how a device was used, the purpose of its use, who used
14   it, and when, sometimes it is necessary to establish that a particular thing is not present on
15   a storage medium.

16   17.   <u>Nature of examination.</u>  Based on the foregoing, and consistent with Rule 41(e)(2)(B), the
17   warrant I am applying for would permit the examination of the Devices consistent with the warrant.  The
18   examination may require authorities to employ techniques, including but not limited to computer-
19   assisted scans of the entire medium, that might expose many parts of the Devices to human inspection in
20   order to determine whether it is evidence described by the warrant.

21   18.   <u>Manner of execution.</u>  Because this warrant seeks only permission to examine devices
22   already in law enforcement's possession, the execution of this warrant does not involve the physical
23   intrusion onto a premises.  Consequently, I submit there is reasonable cause for the Court to authorize
24   execution of the warrant at any time in the day or night.

25   **VI.   CONCLUSION**

26   19.   I submit that this affidavit supports probable cause for a search warrant authorizing the
27   examination of the Devices described in Attachment A to seek the items described in Attachment B.

28

1

2

Respectfully submitted,

3

Babak Ghazanfari
Special Agent
DEA

4

5

6

Subscribed and sworn to before me on:   7/13/2015

7

8

The Honorable Carolyn K. Delaney

9

UNITED STATES MAGISTRATE JUDGE

10

11

12

13

Approved as to form by AUSA PAUL A. HEMESATH

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AFFIDAVIT                                  7

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| In the Matter of the Search of | |
|---|---|
| (1) Gray LG Phone Serial number: 406CYKJ126733 and IMEI 014160001267331, CURRENTLY LOCATED AT THE OFFICE OF THE SACRAMENTO DEA, IN NON-DRUG EVIDENCE STORAGE  4328 Watt Ave, Sacramento CA | Case No. 2:15-SW-0398---CKD |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Eastern _____ District of _____ California _____ *(identify the person or describe the property to be searched and give its location):*

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized):*

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

**YOU ARE COMMANDED** to execute this warrant on or before _7/27/2015_ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: <u>any authorized U.S. Magistrate Judge in the Eastern District of California.</u>

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  _7/13/2015  10:45 am_ _____
                                                                          *Judge's signature*

City and state:     Sacramento, California _____     Carolyn K. Delaney, U.S. Magistrate Judge
                                                                                                    *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2) (modified)

## Return

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| | | |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

## Certification

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_____

Subscribed, sworn to, and returned before me this date.


_____

_____
Signature of Judge

Date

## **ATTACHMENT A**

The property to be searched is a (1) Gray LG Phone Serial number: 406CYKJ126733 and IMEI 014160001267331, hereinafter the "Device." The Device is currently located at THE OFFICE OF THE SACRAMENTO DEA IN NON-DRUG EVIDENCE STORAGE.

This warrant authorizes the forensic examination of the Devices for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1.  All records on the Device described in Attachment A that relate to violations of 21 U.S.C. §§ 841(a)(1), 846, (conspiracy to distribute oxycodone), and 21 U.S.C. § 843 (b) (use of a telecommunications device in furtherance of a drug crime), and involve Michael MATHEWS, Leon Currie FIELDS, Earshell HAYES, and Tandra MATHEWS since January 2014, including:

      a.  lists of customers and related identifying information;

      b.  types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

      c.  any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

      d.  any information recording, Leon Currie FIELDS, schedule or travel from January 2014 to the present;

      e.  all bank records, checks, credit card bills, account information, and other financial records

      f.  evidence of money transactions of any kind.

2.  Evidence of user attribution showing who used or owned the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3.  As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.